# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WAYNE TORPY,**

      Plaintiff,

v.                                                      Case No: 6:16-cv-410-Orl-22DCI

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Renewed Motion to Stay Execution Pending Appeal. Doc. 114. Through that motion, Defendant seeks an order "staying execution of the Supplemental Judgment entered in this case on October 30, 2017." *Id*. at 1 (referencing the Supplemental Judgment at Doc. 105). In support, and citing to Federal Rule of Civil Procedure Rule 62(d), Defendant proffers that it has already filed a notice of appeal as to the Supplemental Judgment and posted a sufficient supersedeas bond: "Having now posted a bond in excess of the Supplemental Judgment, Unum is now entitled to a stay of execution pending the outcome of its appeal to the United States Court of Appeals for the Eleventh Circuit." *Id*. at 2. Plaintiff has agreed that the bond is sufficient to stay execution of the Supplemental Judgment pursuant to Rule 62(d). *See* Doc. 114 at 7; *see generally* Doc. 115.

Thus, this matter would seem to be straightforward. And it is. Defendant explicitly sought a Rule 62(d) stay of execution as to the Supplemental Judgment (Doc. 114). Defendant posted a sufficient bond and filed a notice of appeal. Defendant's motion is well-taken. Thus, it is **RECOMMENDED** that the Court **GRANT** the motion to stay execution of the Supplemental

Judgment (Doc. 114), **approve the bond** pursuant to Rule 62(d), and **stay execution of the Supplemental Judgment**.

The Court need go no further, as Defendant requested no further relief in the motion to stay execution. *See* Doc. 114. Yet the parties spilt much ink over whether the Court should require an additional bond. Defendant claims that no additional bond is required in any circumstance. *See* Doc. 114. Through his response to the motion, though, Plaintiff demands an additional bond to cover those monthly disability payments that the Court awarded in granting summary judgment (Doc. 47), and that the Court included in the Judgment entered March 30, 2017 (Doc. 48). *See* Doc. 115.

The March 30, 2017 Judgment reads as follows:

> IT IS ORDERED AND ADJUDGED that the Plaintiff is to recover damages utilizing the onset date of February 18, 2013 (with a ninety-day elimination period, or May 18, 2013), entitling Plaintiff to long-term disability benefits coverage of 60% of Plaintiff pre-disability earnings minus the offset for Plaintiff's New Mexico Public Employee Retirement Association benefit beginning May 19, 2013 until the benefits end under the terms of the Policy. Defendant Unum Life Insurance Company of America is barred from offsetting Plaintiff's Melbourne Police Pension from Plaintiff's benefits. Additionally, the Plaintiff is awarded his costs, for which sum let execution issue.

Doc. 47.

On October 18, 2017, the Court entered an Order directing the entry of the Supplemental Judgment and determining that "the value of retroactive disability benefits due from Unum to Plaintiff totals $177,403.06, exclusive of prejudgment interest (discussed in detail below), for the 47.07 months of retroactive benefits from entitlement (May 18, 2013) through the date of the Judgment at Docket 48 (March 30, 2017)." Doc. 101 at 6. Thereafter, the Court entered the Supplemental Judgment, which reflected a sum-certain money judgment for the retroactive benefits due Plaintiff from May 18, 2013 through the date of the Judgment (March 30, 2017). Doc.

104. In addition to that sum-certain money judgment set forth in the Supplemental Judgment, Defendant remains obligated to pay Plaintiff "long-term disability benefits coverage of 60% of Plaintiff pre-disability earnings minus the offset for Plaintiff's New Mexico Public Employee Retirement Association benefit [from the date of the Judgment (March 30, 2017)] until the benefits end under the terms of the Policy." Doc. 47; *see also* Docs. 101; 104. So far as the undersigned can determine, that March 30, 2017 Judgment requiring those payments remains in effect, and the entry of the Supplemental Judgment did nothing to lessen the validity of the Judgment. *See* Doc. 104 at 12 n.10 (ordering the issuance of the Supplemental Judgment and citing *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 505 (2d Cir. 2007) (holding that a supplemental judgment operates "as does the addition of an adjective in a sentence: it provide[s] greater detail about the award in question" and to "correct an omission from the original judgment, not to alter or amend the relief contemplated by that judgment")). Defendant seems to concede this point in the motion to stay: "The sole outstanding disagreement is whether Unum is obligated to post additional sums to cover additional monthly disability benefits that would accrue during the pendency of Unum's appeal." Doc. 114 at 2.

But to require an additional bond for the purpose of staying Defendant's obligations under the March 30, 2017 Judgment (Doc. 48) would necessarily be to grant a stay of that Judgment; relief that Defendant is not seeking in the motion to stay execution (Doc. 114).[1] It appears that Defendant affirmatively chose not to seek a stay of execution of the March 30, 2017 Judgment, because Defendant asserted in the motion to stay that "the Supplemental Judgment . . . is the only

---

[1] The undersigned notes that Defendant previously moved to stay the March 30, 2017 Judgment pending appeal (*see* Doc. 73), but that motion was denied as moot by a previous Order (Doc. 92) once the Circuit dismissed the appeal for lack of jurisdiction (Doc. 89).

executable judgment issued in this case." *Id*. at 4.[2] To support that proposition, Defendant cites to the Order (Doc. 101 at 16-18) granting the Supplemental Judgment in this case, which Order also denied Plaintiff's motion to enforce the March 30, 2017 Judgment. Doc. 114 at 2. Through that motion to enforce, Plaintiff sought, in effect, an order directing Defendant to immediately begin making the monthly disability payments. *See* Docs. 94; 101 at 16-18. But the Court entered an Order denying Plaintiff's attempt to immediately enforce the March 30, 2017 Judgment.[3] *See* Doc. 101.

So, while it appears that Defendant has not sought to stay the March 30, 2017 Judgment, it also appears that, on the record before the Court, Plaintiff is not presently entitled to any other relief. *See* Doc. 101 at 16-18; *see also* Doc. 100 at 8 ("There is nothing in the record of this case that suggests in the slightest that if [Plaintiff] eventually prevails after Unum exhausts its appeals that Unum will not pay him all past benefits with interest and put him on claim and pay him future monthly benefits as they come due."). Accordingly, based upon the record before the Court, the undersigned finds no basis to recommend the requirement of an additional bond in relation to the March 30, 2017 Judgment, or the grant of any other relief.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[2] The undersigned expresses no opinion as to the accuracy of that legal conclusion.

[3] The undersigned notes that the Court denied Plaintiff's motion to enforce the March 30, 2017 Judgment after the Court denied Defendant's motion to stay execution of that Judgment. *See* Docs. 92; 101.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on November 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy